CASE 24—ACTION FOR SETTLEMENT OF DECEDENT'S ES-
TATE—OCT. 19.

# Cecil v. Cecil's Executor, Etc.

APPEAL FROM BOYD CIRCUIT COURT.

VARIANCE.—In an action by a widow, who has renounced the will of her husband, for a settlement of his estate, she can not attack as a fraud upon her marital rights a gift of certain notes made by a codicil in the absence of a pleading tendering that issue.

R. C. BURNS FOR APPELLANT.

1. The codicil of February 9, 1894, was procured by undue influence.
2. Colbert Cecil had not sufficient testamentary capacity to make said codicil.
3. It was the evident intention of Colbert Cecil when of sound mind and possessed of testamentary capacity that the note of George M. Brown for $5,000.00 and the note of Colbert Cecil for $7,000.00 should pass under the provisions of his will, in which event the appellant is entitled to one-half of said sums.
   Citations: Randolph v. Lampkin, 90 Ky., 551; Zimlich v. Zimlich, 90 Ky., 657; Bush v. Lisle, 89 Ky., 393; Lucas v. Cannon, 13 Bush, 650; 14 Vt., 107; Jones v. Martin, 3 Anstr., 882; 39 Am. Dec., 212; Young v. Carter, 10 Hun., 194; Mills v. VanMoohies, 20 N. Y., 412; Simar v. Canaday, 53 Id., 298; Killinger v. Reide-haven, 6 Serg. & Rawl., 534; Reynolds v. Vance, 1 Heisk, 344;

Bigelow on Frauds, 95; 9 B. M., 475; Leach v. Duval, 8 Bush, 204; Pomeroy v. Pomeroy, 54 How. Pr., 228; Smith v. Smith, 2 Holr. Ch. Ct., 515; Dearmond v. Dearmond, 10 Ind., 191; Tate v. Tate, 1 Dev. & B. Eq., 22, 327; Cranson v. Cranson, 3 Mich., 230; Brown v. Bronson, 35 Id., 415; Smith v. Smith, 15 Cal., 217; Swaine v. Perine, 9 Am. Dec., 318; Young v. Cart, 10 Hun., 194; Brewer v. Connell, 11 Hump., 500; Jenny v. Jenny, 34 Vt., 324; Gilson v. Hutchinson, 120 Mass., 27; Jiggilts v. Jiggilts, 40 Miss., 718; Petty v. Petty, 4 B. M. 218; Murray v. Murray, 11 Ky. Law Rep., 817.

JAMES M. YORK ALSO FOR APPELLANT.

One of two propositions must be true, and so far as this trial is concerned, it is immaterial. The testator did not have sufficient mental capacity to make the disposition or he was deceived and unduly influenced into copying the codicil of February 9th, believing it to be only a testamentary paper and that nothing would pass under it until after his death. Or, he did it with the express purpose and intent of cutting his wife off from her distributable share in the estate. Straat v. O'Neil, 84 Mo., ——; Davis v. Davis, 5 Mo., 183; Tucker v. Tucker, 29 Mo., 350; 32 Mo., 464; Stone v. Stone, 18 Mo., 389.

BROWN & BROWN FOR APPELLEES.

The gifts in this case were not in fraud of appellant's marital rights. Manikee's, Admrx., v. Beard, 8 Ky. L. R., 736; Patterson v. Patterson's Exr., 15 Ky. Law Rep., 755; Lines v. Lines, 24 Am. St. Rep., 487; Holmes v. Holmes, 3 Paige, 362; Pringle v. Pringle, 59 Pa. St., 281; Padfield v. Padfield, 79 Ill., 18.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant is the widow of Colbert Cecil, Sr., who died in Boyd county, testate. Some time after the death of said Cecil the appellant renounced the provisions of his will, and instituted suit in the Boyd Circuit Court for a settlement of his estate, and for an allotment to her of her dower interest in his real estate and distributable share in his personal estate.

It is alleged in the petition that the testator held a note on George N. Brown for the sum of $5,000, due January 12, 1889, which was not inventoried or reported by the executor; that he also held a

note on the defendant C. Cecil, Jr., the executor, for the sum of $7,000—and the executor was called upon to file an inventory of said notes as part of the estate of decedent.

It is further alleged that on the 9th of February, 1894, and shortly before the death of decedent, and while he was very low, and under the influence of opiates, and incapable of transacting any business, the defendant, T. R. Brown, who was the testator's legal adviser, and had been for some years, and who was appointed the legal adviser under the said will, and who is a beneficiary under said will, wrote the codicil of February 9, 1894, and caused and influenced the testator, who at the time expected immediate dissolution, and who at the time was incapable of transacting any business, to copy said codicil, and give and donate said notes as aforesaid on George N. Brown and defendant C. Cecil, Jr.,—the note on defendant George N. Brown to defendant T. R. Brown and sisters; the note on C. Cecil, Jr., to Cecil's own use. All of which acts and doings were frauds on this plaintiff and her rights, and done to deprive her of her said rights in said notes, and each of them.

The answer of the Browns and Cecil, Jr., is in substance a traverse of all the averments of the petition showing any fraud upon their part, or any undue influence, or any incapacity upon the part of the testator.

On motion of appellant an issue out of chancery was ordered, and a jury selected to try the following questions:

(1) Did C. Cecil, Sr., have sufficient mental capacity to make and publish his last codicil, dated February 9, 1894, at the time of its making and publication?

(2) Did the testator have sufficient mental capacity to dispose of the notes of $7,000 and $5,000, or either of them, on said date of February 9, 1894?

(3) Was undue influence exercised upon C. Cecil, Sr., by or through C. Cecil, Jr., or Thos. R. Brown, to procure the said testator to execute the codicil to his will bearing date of February 9, 1894, or undue influence exercised on C. Cecil, Sr., by or through C. Cecil, Jr., or Thos. R. Brown, to procure the surrender by said testator of note or notes to said C. Cecil, Jr., or Thos. R. Brown, or co-devisees?

At the January term, 1896, of the court, the jury, after hearing the evidence, returned the following verdict:

We, the jury, do agree and find for the defendants. Rector Vaughn, foreman of the jury."—which verdict rendered was ordered certified as part of the record and proceedings in the cause in equity pending in court, and further judgment upon said verdict was reserved for further adjudication.

Upon the final hearing the court adjudged in favor of the appellees as to the $5,000 and $7,000 notes, and dismissed appellant's petition in so far as it sought to recover or be allowed any part of either of said notes, and from that judgment, this appeal is prosecuted.

The court below was of opinion that the evidence failed to show any fraud or undue influence upon the part of appellees, and also failed to show want of capacity upon the part of the testator, and we think that the conclusion of the chancellor in this respect is in accordance with the testimony.

It is, however, contended for appellant that the gifts of said notes were a fraud upon the marital rights of the appellant. The court below decided—and, as we think, correctly—that the question as to fraud upon the marital rights of appellant by the testator was not presented by the pleadings.

It is nowhere alleged that the gift of the notes in question by testator was a fraud upon the marital rights of the appellant, done by him to defraud appellant, and it therefore results that no such question was presented by the pleadings, and no such question is presented for decision here.

Judgment affirmed.